Counsel are listed on the signature page due to space considerations

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

BUZZBALLZ, LLC,

               Plaintiff,

    v.

MPL BRANDS NV, INC. d/b/a PATCO BRANDS,

               Defendant.

Case No. 4:24-cv-04004-HSG

**JOINT CASE MANAGEMENT STATEMENT**

Judge: Hon. Haywood S. Gilliam, Jr.

BuzzBallz, LLC ("BuzzBallz") and MPL Brands, NV, Inc. d/b/a/ Patco Brands ("Patco") (collectively, the "Parties") submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## 1.    JURISDICTION AND SERVICE

The Parties agree that subject matter jurisdiction is proper because this action involves Lanham Act claims arising under federal law as well as related state law claims of trademark/trade dress infringement, unfair competition, and dilution. There are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

## 2.    FACTS

### a.    Brief Chronology of Facts

This case originates from BuzzBallz's Original Complaint (ECF No. 1) filed against Patco on September 15, 2023 in the United States District Court for the Western District of Texas. In its complaint, BuzzBallz alleged *inter alia* trademark/trade dress infringement, patent infringement[1], unfair competition, and dilution by Patco, specifically its "Big Sipz" line of products.

BuzzBallz subsequently filed a First Amended Complaint (ECF No. 10) on November 2, 2023, which maintained the trademark/trade dress infringement, unfair competition, and dilution claims against Patco but dropped its patent infringement claim. In response to the First Amended Complaint, Patco filed a Motion to Dismiss (ECF No. 11). Patco's Motion to Dismiss is pending. Patco also filed a Motion to Transfer (ECF No. 12) the case to this District under 28 U.S.C. § 1404(a).

The Western District of Texas entered a Confidentiality and Protective Order (ECF No. 25) and Rule 502(d) Order (ECF No. 24) on February 8, 2024. The Western District of Texas also entered the Parties' Agreed Scheduling Order (ECF No. 30) on March 4, 2024.

---

[1] BuzzBallz's Original Complaint alleged that Patco infringed U.S. Patent No. 11,738,904.

As discussed in further detail below, after entry of the protective order and schedule, the Parties engaged in written discovery. There is one discovery-related motion pending, which has been referred to a Magistrate Judge (ECF No. 45) pursuant to the Court's standing order.  The discovery-related motion is not fully briefed, as explained below.

On July 2, 2024, the Western District of Texas issued an Order Granting Patco's Motion to Transfer (ECF No. 34) and transferred the case to this District.

### b.     Statement of Principle Factual Issues

**Plaintiff's Statement:**

The key factual issues in dispute will pertain to the claims asserted by BuzzBallz and any defenses or counterclaims that Patco may assert. For example and without limitation, BuzzBallz anticipates the factual issues will include: whether BuzzBallz possesses valid and enforceable trademark and/or trade dress rights; whether Patco's products infringe BuzzBallz's trademark and/or trade dress rights; whether BuzzBallz's trademark and/or trade dress rights are famous; whether Patco's products dilute BuzzBallz's trademark and/or trade dress rights; whether Patco has engaged in unfair competition; and whether BuzzBallz is entitled to damages, in what amount, or any other compensatory relief for Patco's infringement of the patents-in-suit.

**Defendant's Statement:**

Patco has filed a motion to dismiss that articulates the pleading deficiencies in BuzzBallz's First Amended Complaint. In summary, BuzzBallz's unregistered trade dress claim does not identify the elements of its purported trade dress with sufficient particularity and because its alleged trade dress is functional; (2) BuzzBallz's trademark infringement and other similar Lanham Act claims fail for a lack of confusion; (3) BuzzBallz's dilution and unfair competition claims fail because BuzzBallz's mark is not famous. Patco will likely allege certain affirmative defenses, including the defenses of fair use and others, should this Court ultimately deny the pending motion to dismiss. The key factual issues in dispute will likely relate to the issues described by BuzzBallz above and Patco's affirmative defenses.

3.    **LEGAL ISSUES**

**Plaintiff's Statement:**

The key legal issues in dispute will pertain to the claims asserted by BuzzBallz and any defenses or counterclaims that Patco may assert. For example and without limitation, BuzzBallz anticipates the legal issues will include: whether BuzzBallz is entitled to a permanent injunction or other equitable relief to prevent Patco's further infringement of BuzzBallz's trademark and/or trade dress rights, unfair competition, or dilution.

**Defendant's Statement:**

Patco has articulated the key legal issues in the section above and in the pending motion to dismiss, which it incorporates by reference.

4.    **MOTIONS**

Motion to Transfer (decided). On November 16, 2023, Patco filed a Motion to Transfer to this District under 28 U.S.C. § 1404(a), which the Western District of Texas granted.

Motion to Dismiss (pending). On November 16, 2023, Patco filed a Motion to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for alleged failure to state a claim upon which relief can be granted. The motion is fully briefed but not decided.

Motion to Compel (pending). On June 26, 2024, BuzzBallz filed a Motion to Compel Production of Documents and Interrogatory Responses from Patco (ECF No. 33). The case was transferred to this Court before Patco filed a response to the Motion to Compel. Pursuant to the Order of Reference to Magistrate Judge (ECF No. 45), the Parties understand the assigned Magistrate Judge will set a response deadline for Patco and a hearing date, if necessary.

- **Plaintiff's Statement:** BuzzBallz respectfully submits that the Parties previously conferred in good faith on the pending discovery issues, no resolution could be reached necessitating the motion, and the issues are properly before the Magistrate Judge for handling.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:24-CV-04004-HSG

- **Defendant's Statement:** Patco respectfully suggests that the Parties meet and confer again on the pending issues, then resubmit any remaining issues in accordance with this Court's Standing Order.

Patco anticipates filing a motion to consolidate this case with its declaratory judgment action that is currently pending in this District before Judge Donato.

The Parties do not have any other anticipated motions at this time, but additional motions may become necessary as the case progresses.

## 5.   AMENDMENT OF PLEADINGS

Because BuzzBallz filed suit in the Western District of Texas, the First Amended Complaint currently asserts several causes of action under Texas state law against Patco, including state trademark infringement and dilution claims. BuzzBallz is investigating the possibility of replacing or supplementing its Texas law causes of action with causes of action under California state law. Accordingly, the Parties propose that BuzzBallz may file a second amended complaint within 14 days of the Initial Case Management Conference.

Patco has yet to file an Answer or Counterclaims and, depending on BuzzBallz's second amended complaint, Patco anticipates filing another motion to dismiss because Patco does not believe amendment by BuzzBallz will cure is pleadings deficiency. Accordingly, the Parties propose that the deadline for seeking leave to amend pleadings or join parties be set 90 days from the Initial Case Management Conference.

## 6.   EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, including the guidance specified in ESI Guidelines 2.01 and 2.02 and the Checklist for ESI Meet and Confer.

As a general matter, the Parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case.

The Parties have discussed and will continue to discuss the scope and nature of discovery in this case.

**7.    DISCLOSURES**

The Parties have previously complied with the initial disclosure requirement of Rule 26(a) of the Federal Rules of Civil Procedure.

**8.    DISCOVERY**

**a.    Discovery Taken to Date**

The Parties have exchanged some written discovery and documents, and they anticipate exchanging further written discovery and documents. The Parties have not yet conducted depositions, either of fact or expert witnesses. BuzzBallz has designated two experts to view Confidential or Attorneys-Eyes-Only materials under the existing Confidentiality and Protective Order (ECF No. 25).

**b.    The Scope of Anticipated Discovery**

The Parties anticipate discovery on the claims in BuzzBallz's First Amended Complaint (as may be further amended) and the defenses in Patco's Answer and its Counterclaims, if any, including but not limited to discovery concerning the Parties' respective trademarks, trade dress, and advertising and promotion.

**c.    e-Discovery Order / Format for ESI Production**

The Parties have discussed and intend to negotiate an e-Discovery Order based on the Northern District of California's Model Stipulated e-Discovery Order.

**d.    Discovery Plan and Limitations or Modifications of Discovery Rules**

**Discovery Plan:**  The Parties propose that discovery be conducted in accordance with the schedule identified below in Section 15.

**Format for Production of Electronically Stored Information:**  The Parties agree to produce documents as individually stamped, single-page TIFF files with a load file, where practical.

**Protective Order:**  The Parties are amenable to either (i) proceeding with the current Confidentiality and Protective Order put into place before transfer (ECF No. 25) or (ii) negotiating a replacement protective order based on Northern District of California's Model Protective Order. The Parties defer to the Court's preference regarding a replacement protective order.

**Method of Service:**  The Parties agree to serve documents by email in lieu of personal service or service by U.S. mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**Claims of Privilege:**  The Parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after September 15, 2023 (the date of BuzzBallz's Original Complaint against Patco) need not be logged.

**Discovery from Experts:**   The Parties agree that neither Party needs to produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who support the expert, or drafts of expert reports.  However, if an expert relies upon any such communication to support the expert's opinion, the communication is discoverable.

**Requests for Admission, Requests for Production of Documents and Things, and Depositions:**  The Parties previously agreed to apply standard discovery limits under the Federal Rules of Civil Procedure and local rules of the Western District of Texas.  The Parties are amenable to negotiating revision to the previously-negotiated discovery limits if this case is consolidated with the related cases, discussed below, such that the full scope of issues in dispute are known to the Parties.

## 9.    CLASS ACTIONS

This suit is not a class action, and no class will be certified.

## 10.    RELATED CASES

There are two pending cases between the Parties involving patent claims:

- *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, No. 2:24-cv-00548-JAD-BNW (D. Nev.) (filed March 20, 2024) (the "Nevada Patent Action").  In the Nevada Patent Action, BuzzBallz alleges that Patco's "Big Sipz" line of products infringes U.S.

6

Patent No. 11,932,441 (the "'441 Patent"). Patco has moved to transfer the Nevada Patent Action to the Northern District of California, which BuzzBallz has opposed. Patco's Motion to Transfer is fully briefed and pending with the court. Discovery has opened and BuzzBallz has served its infringement contentions on Patco pursuant to the local patent rules.

- *MPL Brands NV, Inc. d/b/a Patco Brands v. BuzzBallz, LLC*, No. 3:24-cv-1282-JD (N.D. Cal.) (filed March 1, 2024; First Amended Complaint filed March 29, 2024) (the "California Patent Declaratory Relief Action").  Patco filed the California Patent Declaratory Relief Action on March 1, 2024, seeking a declaration that it does not infringe the '904 patent, which BuzzBallz asserted against Patco in its now-superseded Original Complaint filed in this matter.  Patco also alleges that BuzzBallz is engaging in unfair competition. On March 29, 2024, Patco amended its complaint to seek a declaration that it does not infringe the '441 patent, which BuzzBallz is asserting in the Nevada Patent Action and which is in the same patent family as the '904 patent. The action is currently stayed pending a decision on Patco's motion to transfer the Nevada Patent Action.

**Plaintiff's Statement:**

Because this case involves claims trademark/trade dress infringement, unfair competition, and dilution, whereas the Nevada Patent Action and the California Patent Declaratory Relief Action involve patent claims, BuzzBallz contends that they are not "related cases" for purposes of Local Rule 3-12 because there would not be an unduly burdensome duplication of labor and expense or risk of conflicting results. There should be minimal overlap in discovery, and procedural requirements such as infringement contentions, invalidity contentions, and claim construction will not be necessary in this case. In addition, BuzzBallz believes the Nevada Patent Action will not be transferred out of the Nevada court.

7

**Defendant's Statement:**

This matter, the Nevada Patent Action, and the California Patent Declaratory Relief Action involve the same parties and same accused products, specifically Patco's Big Sipz products. BuzzBallz's trade dress allegations in this matter and the subject matter of BuzzBallz's '441 and '904 patents concern the shape of a container for beverages. BuzzBallz alleges that the container for Patco's Big Sipz products infringe BuzzBallz's trade dress and patent rights. Moreover, Patco and BuzzBallz compete in the market for ready-to-serve alcoholic beverages, and both Parties have claims of unfair competition pending in this District. Patco, therefore, expects that there will be overlap in discovery, including overlap in the documents produced and persons deposed. Patco believes that the Nevada Patent Action and California Patent Declaratory Relief Action fall within the definition of "Related Cases" under Local Rule 3-12 because they involve the same parties and accused products. Patco does not believe the additional procedural requirements needed to resolve BuzzBallz's patent infringement allegations or Patco's declaratory judgment relief (e.g., infringement and invalidity contentions, and claim construction) will disrupt resolution of BuzzBallz's trade dress infringement allegations. Accordingly, Patco anticipates filing a motion to consolidate this matter with the California Patent Declaratory Relief Action and a motion to lift the stay on the California Patent Declaratory Relief Action. If the Nevada Patent Action is transferred to this District, Patco anticipates filing a motion to consolidate that matter as well.

**11.    RELIEF**

**Plaintiff's Statement of Relief Sought:**

BuzzBallz seeks the relief requested in its First Amended Complaint, including: a permanent injunction prohibiting Patco from further infringing, diluting, or competing unfairly with BuzzBallz's trademark and/or trade dress rights; judgment awarding BuzzBallz's actual damages (which may be trebled) from Patco's wrongful actions; a disgorgement of Patco's profits from its wrongful actions; a finding that this case is exceptional case pursuant to 15 U.S.C. § 1117; an award of BuzzBallz's costs, including attorneys' fees and expenses; an award of pre- and post-judgment interest; and any such other relief as to which BuzzBallz is entitled.

8

**Defendant's Statement of Relief Sought:**

Patco does not currently have any claims for affirmative relief.

### 12. SETTLEMENT AND ADR

The Parties have engaged in settlement discussions and exchanged proposals, and the Parties will continue to evaluate the potential for resolution by settlement. Concurrently with this Joint Case Management Statement, the Parties are submitting the ADR Stipulation and Proposed Order form that identifies the Parties' selected ADR process and the deadline to conduct ADR.

### 13. OTHER REFERENCES

The Parties do not believe this case to be suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

The Parties do not propose any narrowing of issues at this point in time.

### 15. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 16. SCHEDULING

The Parties propose the following schedule for this case:

| Deadline | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| BuzzBallz to File Amended Complaint | Tuesday, July 30, 2024 | Same as Plaintiff's Proposal |
| Parties to Complete ADR | Monday, October 14, 2024 | Same as Plaintiff's Proposal |
| Seek Leave to Join Parties or Amend Pleadings | Monday, October 28, 2024 | Same as Plaintiff's Proposal |
| Initial Expert Disclosures | Tuesday, November 5, 2024 | Friday, February 7, 2025 |
| Rebuttal Expert Disclosures | Thursday, December 5, 2024 | Friday, March 7, 2025 |
| Reply Expert Disclosures | Thursday, December 19, 2024 | Friday, March 28, 2025 |
| Discovery Cut-Off | Friday, February 13, 2025 | Friday, May 1, 2025 |

9

| Last Day to Hear Dispositive and *Daubert* Motions | Monday, March 17, 2025 | Friday, May 9, 2025 |
|---|---|---|
| Pretrial Conference | Tuesday, June 24, 2025 at 3:00 p.m. | Tuesday, August 5, 2025 at 3:00 p.m. |
| Trial Begins | Monday, August 11, 2025 at 8:30 a.m. | Monday, September 1, 2025 at 8:30 a.m. |

## 17.    TRIAL

Plaintiff has requested a jury trial.  The Parties expect the trial to last 5 days.

## 18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Concurrently with this Joint Case Management Statement, the Parties are filing their Certifications of Interested Entities or Persons pursuant to Civil L.R. 3-15.  The Parties certify that, other than Plaintiff BuzzBallz, Sazerac Investments, LLC, and Defendant Patco, the Parties are unaware of any other interested entities.

## 19.    PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated this 12th day of July 2024

By:      */s/ Jason W. Whitney*
    JASON T. LAO (CA BN 288161)
    jason.lao@haynesboone.com
    KENNETH G. PARKER (CA BN 182911)
    ken.parker@haynesboone.com
    ANDREA LEVENSON (CA BN 323926)
    andrea.levenson@haynesboone.com
    HAYNES AND BOONE, LLP
    600 Anton Boulevard, Suite 700
    Costa Mesa, California 92626
    Telephone: 949.202.3000
    Facsimile: 949.202.3001

    JASON P. BLOOM
    (*pro hac vice*) (TX BN 24045511)
    jason.bloom@haynesboone.com
    HAYNES AND BOONE, LLP
    2801 N. Harwood Street, Suite 2300
    Dallas, Texas 75201
    Telephone: 214.651.5000
    Facsimile: 214.651.5940

By:      */s/ Daniel T Shvodian*
    Daniel T. Shvodian, Bar No. 184576
    DShvodian@perkinscoie.com
    PERKINS COIE LLP
    3150 Porter Drive
    Palo Alto, CA 94304
    Telephone: 650.838.4300
    Facsimile: 650.737.5461

    M. Craig Tyler (*pro hac vice*)
    CTyler@perkinscoie.com
    PERKINS COIE LLP
    405 Colorado St., Suite 1700
    Austin, TX 78701
    Telephone: 737.256.6100
    Facsimile: 737.256.6300

    R. Tyler Kendrick
    RKendrick@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Ave., Suite 4900

Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

JASON W. WHITNEY
(*pro hac vice*) (TX BN 24066288)
jason.whitney@haynesboone.com
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: 210.978.7000
Facsimile: 210.978.7450

*Attorneys for Plaintiff BuzzBallz, LLC*

Christopher J. Schwegmann (*pro hac vice*)
cschwegmann@lynnllp.com
Joshua D. Lang (pro hac vice)
jlang@lynnllp.com
LYNN PINKER HURST &
SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas Texas, 75201
Telephone: 214.981.38300
Facsimile: 214.981.3839

*Attorneys for Defendant MPL Brands NV,
Inc. d/b/a Patco Brands*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT JUDGE

11

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Jason W. Whitney, attest that concurrence in the filing of this document has been obtained.

Dated: July 12, 2024                                    _/s/ Jason W. Whitney_