UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZBALLZ, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>MPL BRANDS NV, INC. d/b/a PATCO BRANDS, a Nevada corporation,<br><br>    Defendant. | Case Number: 5:24-cv-04004-EKL<br><br>STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. Absent a showing of good cause, no party need restore any form of media upon

1

which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

7. Because the parties have already exchanged written discovery requests and produced documents, including emails, this Order is not intended to modify the parties' obligations to produce responsive documents, which may include email, that the parties are aware of or become aware of through reasonable searching in response to document requests served in accordance with Rule 34 of the Federal Rules. This Order is intended to supplement the parties' search efforts to date and enable the parties to efficiently locate and produce responsive emails, subject to any valid objections. This order does not modify the parties' obligations to produce responsive documents, which may include email, that they have already located based on a reasonable search.

8. Specific email production requests may be served following entry of this Order.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Email production requests shall only be propounded for specific issues, rather than general discovery of a producing party's product or business. For example, BuzzBallz shall not propound a request solely for the search term "MPL" or "Big Sipz" and MPL shall not propound a request solely for the search term "BuzzBallz."

11. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

12. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without

the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. Nothing in this Order is intended to cause any party to waive any objections or privileges in connection with any discovery requests, including email production requests pursuant to this Order.

15. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  _____ */ Jason W. Whitney/*
Counsel for Plaintiff

3

Dated: _____   _____/ M. Craig Tyler/_____
                                Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: March 28, 2025   _____
                        UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE

4