M. Craig Tyler (*pro hac vice*)
Texas Bar No. 00794762
craig.tyler@ashurstperkins.com
Andrew Kalamarides (*pro hac vice*)
Texas Bar No. 24136939
andrew.kalamarides@ashurstperkins.com
Helena Burns (*pro hac vice*)
Texas Bar No. 24143961
helena.burns@ashurstperkins.com
ASHURST PERKINS COIE US LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: +1.737.256.6100
Facsimile:  +1.737.256.6300

Daniel T. Shvodian
California Bar No. 184576
daniel.shvodian@ashurstperkins.com
ASHURST PERKINS COIE US LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile:  +1.650.838.4350

R. Tyler Kendrick (*pro hac vice*)
Washington Bar No. 55094
tyler.kendrick@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Attorneys for Defendant MPL Brands NV, Inc.
d/b/a Patco Brands

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BUZZBALLZ, LLC, | Case No. 5:24-cv-04004-EKL |
| Plaintiff, | **DEFENDANT PATCO'S OPPOSITION TO BUZZBALLZ'S MOTION IN LIMINE NO. 1 REGARDING ALLEGEDLY IRRELEVANT, PREJUDICIAL ACQUISITION INFORMATION** |
| v. | |
| MPL BRANDS NV, INC. d/b/a PATCO BRANDS, | |
| Defendant. | |

## I.    **INTRODUCTION**

BuzzBallz seeks to exclude the financial terms, membership interests, and unspecified "other proprietary information"[1] regarding the Sazerac-BuzzBallz Membership Interest Purchase Agreement ("MIPA"), arguing that these terms in the agreement are irrelevant and prejudicial. BuzzBallz's arguments miss the mark. First, BuzzBallz's motion ignores that the acquisition price and other evidence is relevant to liability and most forms of BuzzBallz's requested relief. BuzzBallz also fails to address the relevance of the financial terms and membership interests to witness bias and credibility. Second, BuzzBallz's prejudice argument assumes a hypothetical David/Goliath narrative, where exclusion of a party's overall wealth can be appropriate. But the financial terms of a probative agreement are different from the parties' overall wealth, and the relevance of these terms overcomes any potential prejudice. BuzzBallz's Motion should be denied.

## II.    **FACTUAL BACKGROUND**

Sazerac acquired BuzzBallz over a year after Patco's Big Sipz product entered the ready-to-drink market and nearly a year after BuzzBallz sued Patco. Despite the parties' pending litigation and the alleged confusion between the products in the market, Sazerac decided to move forward with the acquisition of BuzzBallz for around ████████, which would be ████████████ ██████████████████████████████████████████████. The purchase price is paid out in ████████████████████████████████████████[2] Ms. Kick, for example, has ████ total closing interests, which would amount to around ████████.

The MIPA also contains non-financial terms that are relevant to the parties' dispute. For example, the MIPA provides that ████████████████████████████████████ after closing. Ex. A Schedule 1, ¶ 1. As another example, the MIPA contains ████████

---

[1] BuzzBallz fails to identify what "other proprietary information" it seeks to exclude in this Motion. This type of blanket exclusion request is improper and should be denied as vague and overly broad. *See Jarczewski v. United Parcel Serv., Inc.*, No. EDCV 19-0409 JGB (SPX), 2023 WL 8191132, *3 (C.D. Cal. Oct. 5, 2023) (denying a motion in limine where the party "improperly s[ought] to exclude a broad category of evidence"). Patco is unable to address the relevance of this unspecified "other proprietary information" and, therefore, limits its discussion to the financial and membership interest terms specified by BuzzBallz.

[2] The ████████████████████████████████ Based on the ████████



. Ex. B, Schedule 4.14(a). While '███████

███████

███████

And the MIPA includes ███████

███████. Finally, the MIPA includes ███████

███████

███████ Ex. A, Ex. I at § 2.7. The ███████

███████ *Id.*, Article III, Section 3.1(b)(x); Ex. B, Schedule 3.1(b)(x).

## III.    ARGUMENT

BuzzBallz's Motion argues that the financial terms and membership interests of the MIPA should be excluded because they are irrelevant and prejudicial. Mot. at 2:26-3:20. Neither argument merits excluding the financial terms of the MIPA because (1) the financial terms and membership interests are relevant to liability, BuzzBallz's requested damages, and witness bias and credibility, and that outweighs any alleged prejudice, and (2) BuzzBallz's prejudice argument centers around a David/Goliath storyline that ignores the relevance of the financial terms of the MIPA.

**A.    The Financial and Membership Interests Terms of the MIPA are Directly Relevant to Liability, BuzzBallz's Damages Theories and Witness Bias.**

**1.    The MIPA is Relevant to Liability and Damages.**

BuzzBallz asserts that confusion exists in the marketplace between Patco's and BuzzBallz's products and seeks to recover multiple types of damages: (1) actual damages due to Patco's alleged infringement; (2) disgorgement of Patco's profits; (3) a reasonable royalty; and (4) damages for Patco's alleged misappropriation of BuzzBallz's intellectual property. ECF No. 90 at 34-35; ECF No. 331 at 6-10. The challenged terms of the MIPA are relevant to liability and each form of requested relief, and outweigh any alleged prejudice.

**Actual Damages and Misappropriation.** To recover actual damages for trademark or trade dress infringement and to prove misappropriation, BuzzBallz needs to establish injury. *See Quia Corp. v. Mattel, Inc.*, 2011 WL 2749576, at *6 (N.D. Cal. July 14, 2011); *see also United States Golf Assn. v. Arroyo Software Corp.*, 69 Cal. App. 4th 607, 618 (1999). The financial terms

of the MIPA are relevant to whether any confusion between the products was occurring in the market and whether BuzzBallz has suffered any injury. The fact that Sazerac acquired BuzzBallz for ███████ during the period of competition between the parties, Patco's alleged infringement, and pendency of this lawsuit, ██████████████████████████████████, is evidence that Patco's alleged conduct was not causing confusion and has not caused any injury to BuzzBallz. And if Patco's conduct caused confusion and harm, Sazerac would likely have ████████████ ████████████████████████████████████████████████████████████████████ ██████ However, ███████████████████████████████. Both the purchase price and ████ █████████████████████████████ are circumstantial evidence that BuzzBallz has not suffered any actual injury, and the jury should be allowed to consider this evidence. *E.g., Brighton Collectibles, Inc. v. Renaissance Grp. Int'l,* 2008 WL 5500659, at *2 (S.D. Cal. May 13, 2008) (denying motion to exclude revenue evidence where the plaintiff put brand value at issue).

Moreover, Patco anticipates that BuzzBallz's witnesses will testify at trial about the alleged importance of BuzzBallz's unregistered trade dress to support the contention that BuzzBallz suffered actual injury, as they did during depositions. *E.g.,* Ex. C at 115:18-21 (confirming that the price Sazerac paid for BuzzBallz ███████████████████████████████████████ █████████████; Ex. D at 69:5-17 (describing the importance of BuzzBallz's packaging). BuzzBallz's trade dress, however, is ████████████████████████████ as opposed to BuzzBallz's other domestic and foreign intellectual property, which is ████████████████. The jury should be allowed to review the intellectual property referenced in the MIPA and determine whether BuzzBallz's asserted trade dress is actually tied to Sazerac's purchase price or whether Sazerac instead valued BuzzBallz's other, non-asserted intellectual property.

**Disgorgement and Expert Reliance.** The financial terms of the MIPA are also relevant to disgorgement. BuzzBallz's argument that only Patco's damages expert referenced the MIPA is misleading in two ways. First, both parties' damages experts, not just Patco's, referenced the ████ ████ purchase price in their reports. BuzzBallz's expert specifically relied on the purchase price to justify his disgorgement award. *See* Ex. E ¶ 7. Second, neither party's damages expert opined on all forms of damages that BuzzBallz seeks. Instead, both experts opined on disgorgement and

reasonable royalty only. The financial terms of the MIPA are relevant to BuzzBallz's claims of actual injury—an issue the jury will need to decide without expert guidance.

**Reasonable Royalty.** Finally, non-financial terms of the MIPA are relevant to at least reasonable royalty and liability. For example, the MIPA specifies that Sazerac became ███████ ███████████████████████████████, where other evidence demonstrates that BuzzBallz ██ ███████████████████ This evidence is relevant to BuzzBallz's requested reasonable royalty, including "[t]he established profitability of the product made under the trade dress." *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). This term is also relevant to the distribution issues BuzzBallz experienced, a central issue to the parties' dispute on liability. While BuzzBallz's Motion focuses on the financial terms of the MIPA, its non-financial terms are also relevant evidence—the entire MIPA should be submitted to the jury.

### 2.    The MIPA Is Relevant to Witness Bias and Credibility.

Independent of the relevance to damages, the financial terms and membership interests of the MIPA are relevant to witness bias and credibility—something BuzzBallz fails to address. Three of BuzzBallz's fact witnesses—███████████████████████████████████████ ████████████████████████████████████. Moreover, those same witnesses ████████████████████████████████████████. These witnesses, therefore, have a vested interest in the outcome of this litigation and protection of BuzzBallz's intellectual property. It is well-settled that "[p]roof of bias is almost always relevant because the jury, as a finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Rule 403 does not require a different result, as pecuniary interest is admissible for proving bias, and not unduly prejudicial. *See Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684 (C.D. Cal. Jan. 25, 2010) ("[T]he Court sees little risk that the straightforward details of [a party's] income from the company would inflame the jury."). Absent the introduction of financial and membership interest terms from the MIPA, the jury will never hear about the ███████████████████████ ████████████████████ to assist with their assessment of bias and credibility. ██████

made that clear during her deposition when she refused to answer any questions concerning her membership interests in BuzzBallz. Ex. F at 9:13-14:16. ██████████ similarly refused to answer any questions about his salary or finances related to the Sazerac acquisition. Ex. G at 245:4-246:19. At least three of BuzzBallz's witnesses have a current and substantial pecuniary interest in the outcome of this litigation, which is directly relevant to their bias and credibility, but this issue will not reach the jury unless it receives the financial membership interest terms from the acquisition.

**B.      Introduction of the MIPA Will Not Prejudice BuzzBallz.**

BuzzBallz argues that introduction of the MIPA terms will prejudice it because the jury could view this litigation as a David/Goliath situation. Mot. at 3:16-4:21. BuzzBallz's prejudice argument is based on a misunderstanding of the MIPA's relevance and mischaracterization of legal authority. And even if this evidence were prejudicial to BuzzBallz, that prejudice is outweighed by the relevance of the financial terms of the MIPA to liability, BuzzBallz's damages theories and the bias of multiple BuzzBallz witnesses, such that it is admissible under Rule 403. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). BuzzBallz argues that *Droplets, Inc. v. Yahoo! Inc.*, tracks closely with its requested relief. Mot. at 4:12-21. But *Droplets* was a patent litigation case and did not involve the non-patent damages theories asserted here—actual damages, misappropriation, and disgorgement. Accordingly, the court did not address the relevance of terms of a specific agreement to the type of relief BuzzBallz requests here. 2022 WL 2670188, at *4 (N.D. Cal. Feb. 28, 2022). Similarly, the other authority BuzzBallz primarily relies on, *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, was a patent case where an agreement was excluded because the $11.9 billion acquisition price bore no nexus to the accused product and was therefore irrelevant to any issue. 2019 WL 8685065 (C.D. Cal. Dec. 3, 2019). Here, again, the financial and other terms of the MIPA are directly relevant to BuzzBallz's requested theories of relief and witness bias.

The remaining cases BuzzBallz string cites in support of its argument fare no better. Mot. at 3:20-4:11. All of those matters excluded reference to a party's overall wealth, not specific terms of a single document that are relevant to liability and multiple forms of the plaintiff's requested relief. None of these cases addressed evidence offered to prove or disprove specific trademark or trade dress damages theories. These cases do not support BuzzBallz's requested exclusion.

Dated: August 12, 2026

**ASHURST PERKINS COIE US LLP**

By: */s/ R. Tyler Kendrick*
    R. Tyler Kendrick (*pro hac vice*)
    Washington Bar No. 55094
    tyler.kendrick@ashurstperkins.com
    ASHURST PERKINS COIE US LLP
    1301 Second Avenue, Suite 4200
    Seattle, Washington 98101-3804
    Tel.: 206.359.8000

    M. Craig Tyler (*pro hac vice*)
    Texas Bar No. 00794762
    craig.tyler@ashurstperkins.com
    Andrew Kalamarides (*pro hac vice*)
    Texas Bar No. 24136939
    andrew.kalamarides@ashurstperkins.com
    Helena Burns (*pro hac vice*)
    Texas Bar No. 24143961
    helena.burns@ashurstperkins.com
    ASHURST PERKINS COIE US LLP
    405 Colorado Street, Suite 1700
    Austin, Texas 78701
    Tel.: 737.256.6100

    Daniel T. Shvodian
    California Bar No. 184576
    daniel.shvodian@ashurstperkins.com
    ASHURST PERKINS COIE US LLP
    3150 Porter Drive
    Palo Alto, California 94304-1212
    Tel.: 650.838.4300

*Attorneys for Defendant MPL Brands NV, Inc.*
*d/b/a Patco Brands*